IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| HUNTERIA B. NELSON, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 15-661-N |
| WASHINGTON COUNTY BOARD OF EDUCATION, | : | |
| Defendant. | : | |

## **ORDER**

Currently pending before this Court is Defendant, Washington County Board of Education's ("Board" or "Defendant"), Motion for Summary Judgment and Brief in Support thereof with exhibits, under Federal Rule of Civil Procedure 56(c). (Docs. 36, 37, and 38 respectively). The parties have consented to jurisdiction by Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Doc. 20). Plaintiff has filed a response to the motion (Doc. 47)[1] to which Defendant has replied (Doc. 44). The undersigned additionally granted Plaintiff leave to file a Sur-Reply (Doc 46-1) and the same has been considered for purposes of this order. After careful consideration of the record, Defendants' Motion for Summary Judgment as to all counts of Plaintiff's Amended Complaint ("Complaint") is granted pursuant to Rule 56(c) as there are no genuine issues of material fact for a jury to consider.

---

[1] Plaintiff filed three responses (Docs. 42, 43, and 47), the latter two being corrected versions of the original. The Court has previously deemed Plaintiff's Response timely and for purposes of this order, the undersigned will rely only on Plaintiff's Second Corrected Response (Doc. 47).

1

## FACTUAL AND PROCEDURAL BACKGROUND

In March, 2015, Plaintiff, an African American female, applied for the vacant position of Curriculum Assessment/Federal Programs Coordinator ("Coordinator") for the Washington County School System. (Doc. 18 at 2; Doc. 37 at 1). On or about April, 23, 2015, Plaintiff was informed that she was not selected to fill the vacancy. (Doc. 18 at 3). Instead, the Board unanimously approved Betty Brackin ("Brackin") for the Coordinator position following the recommendation of the Superintendent, Tim Savage ("Savage"), a white male. (*Id.*) Plaintiff timely filed a charge of race discrimination with the Equal Opportunity Commission against the Board and subsequently received a Notice of Right to Sue. (Doc. 18 at 4; Doc. 36 at 1).

At the time of her hiring, Brackin had just received her Class A, Instructional Leadership Certificate, the minimum requirement for the Coordinator vacancy. (Doc. 18 at 4). At the time Plaintiff was rejected for the position, she had held her Class A Educational Administrator Certificate for nine years, held a doctorate in Educational Leadership (since 2010), had a J.D. from Loyola University School of Law in New Orleans, Louisiana, had been a licensed attorney in the State of Alabama since 2000, and had sixteen years of work at various levels in the Alabama Public School System. (*Id.*) Plaintiff additionally had administrative experience as an Administrative Intern (assistant Principal) at Booker T. Washington Middle School, Site Supervisor for summer school at Denton Middle School, which serves as the site for all failing students for the Mobile County Public School System, and was

2

Mathematics Department Chair and Saturday School Administrator for Pillans Middle School in Mobile, County. (*Id.*)

Plaintiff asserts that unlike Brackin, (1) Plaintiff's administrative experience was acquired after the completion of her administrative certification, (2) Plaintiff was not given an administrative "edge" by working in positions without the necessary qualification, and (3) that Plaintiff's qualifications far exceed those of Brackin. (*Id.* at 3-4). As a result, Plaintiff contends she was denied the position for Coordinator based on race. (*Id.* at 4). Plaintiff further asserts that she was denied a second job opportunity of Principal of Washington County High School in retaliation for her pending EEOC charge of racial discrimination. (*Id.*)

Plaintiff filed this action against the Board on December 29, 2015, "pursuant to the Title VII of the Civil Rights Act of 1964, and 42 U.S.C. Sections 1981, as both have been amended, and the Equal Protection Clause of the 14th Amendment to the United States Constitution made actionable by 42 U.S.C. Section 1983." (Doc. 1 at 1). On March 18, 2016, the Board filed an Answer (Doc. 8) and a Motion for More Definite Statement seeking clarification for, among other things, Plaintiff's alleged retaliation claim, Count III. (Doc. 7). On April 4, 2016, Plaintiff responded to the Board's Motion clarifying that with regard to the retaliation claims the Complaint "*should* state "Plaintiff was also denied a second vacancy that became available during the EEOC investigation of Plaintiff's initial charge of discrimination. Plaintiff contends that the second denial was in retaliation for her initial complaint of race discrimination." (Doc. 15 at 1). Plaintiff further stated as follows:

> The retaliation claims are brought pursuant to 42 U.S.C. Sections 1981, made actionable by 42 U.S.C. Sections 1983, Count III, and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, which is Count I of the Complaint.
>
> There is a Title VII retaliation claim pending at the EEOC due to Plaintiff being rejected for the position of Principal at Washington County High School, which Plaintiff expects to add by amendment once a Notice of Rights is received on that Charge, bearing number 425-2016-00201. However, at this point, there is no Title VII retaliation claim mentioned in the Complaint in this case, and there is no obligation on Plaintiff's part to submit a Notice of Rights for a claim that is not in her Complaint.

(Doc. 15 at 2). Plaintiff filed an Amended Complaint ("Complaint") on April 7, 2016. (Doc. 18). With regard to the retaliation claim, the Amended Complaint included the clarified language stated above and, again, asserted Plaintiff was retaliated against in Count III. (Doc. 18 at 4). On January 30, 2017, Defendant filed the present Motion for Summary Judgment as to all Counts of Plaintiff's Complaint. (Doc. 36). Plaintiff responded on March 7, 2017 (Doc. 42), Defendant has replied (Doc. 44) and Plaintiff has filed a Second Corrected Response (Doc. 47) and a Sur-Reply (Doc. 46-1). Defendant's motion is now ripe.

**LEGAL STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'material' if it might affect the outcome of the suit under governing law and it is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Ave. CLO Fund, Ltd. v. Bank of Am., N.A.*, 723 F.3d 1287, 1294 (11th Cir. 2013) (quotations omitted). "Summary judgment is only appropriate if a case is 'so one-

sided that one party must prevail as a matter of law.' " *Quigg v. Thomas Cty. Sch. Dist.*, 814 F.3d 1227, 1235 (11th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)) (citation omitted). However, a " 'mere scintilla' of evidence is insufficient; the non-moving party must produce substantial evidence in order to defeat a motion for summary judgment." *Garczynski v. Bradshaw*, 573 F.3d 1158, 1165 (11th Cir. 2009) (per curiam). In other words, "there must be enough of a showing that the jury could reasonably find for that party … Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (quotations omitted).

"[C]ourts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion." *Jackson v. West*, 787 F.3d 1345, 1352 (11th Cir. 2015) (quoting *Scott v. Harris*, 550 U.S. 372, 378 (2007) (alteration adopted) (quotations omitted)). *See also Allen*, 121 F.3d 642, 646 (11th Cir. 1997) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." (quotations omitted)). "The Court 'must avoid weighing conflicting evidence or making credibility determinations.' " *Ave. CLO Fund*, 723 F.3d at 1294 (quoting *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir. 2000)). However, " 'an inference based on speculation and conjecture is not reasonable.' " *Id.* (quoting *Blackston v. Shook & Fletcher Insulation Co.*, 764 F.2d 1480, 1482 (11th Cir. 1985)).

5

## DISCUSSION

A.  **Title VII and §§ 1981 and 1983 Claims**

In Count One of her Complaint, Plaintiff asserts that Defendant violated the Equal Protection Clause of Fourteenth Amendment by discriminating against her based on race. (Doc. 18 at 4). In Count Two, Plaintiff asserts Defendant violated Title VII of the Civil Rights act of 1991. (*Id*. at 5). In Count Three, Plaintiff asserts that Defendants retaliated and discriminated against Plaintiff by "it rejection of her for the position of Principal at Washington County High School," in violation of 42 U.S.C. Section 1981, as made actionable by 42. U.S.C. 1983. (*Id*.)

The analysis of disparate treatment claims under § 1983 is identical to the analysis under Title VII where the facts on which the claims rely are the same." *See Abel v. Dubberly*, 210 F.3d 1334, 1338 (11th Cir. 2000) (holding that Title VII and § 1983 claims have the same elements where the claims are based on the same set of facts); *Stallworth v. Shuler*, 777 F.2d 1431, 1433 (11th Cir. 1985) (stating that "[w]here, as here, a plaintiff predicates liability under Title VII on disparate treatment and also claims liability under sections 1981 and 1983, the legal elements of the claims are identical ... [and] we need not discuss plaintiff's Title VII claims separately from his section 1981 and section 1983 claims."). As a result, the undersigned will address Plaintiff's Title VII and §§ 1981 and 1983 claims based on race discrimination, together.

1.  **Prima-Facie Case and Legitimate, Non-Discriminatory Reason for Action**

Title VII makes it unlawful for an "employer" to "discharge any individual, or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's ... race, color, religion, sex, or national origin" 42 U.S.C. § 2000e–2(a)(1). "Plaintiff is not required to prove directly that race was the reason for the employer's challenged decision; instead a plaintiff may rely on either direct or circumstantial evidence of discrimination. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 526 (1993); *See Also Wright v. Southland Corp.*, 187 F.3d 1287, 1292 (11th Cir. 1999) ("when a plaintiff has direct evidence of illegal discrimination, he need not make use of the *McDonnell Douglas* presumption, and conversely, when he does not have such direct evidence, he is required to rely on the *McDonnell Douglas* presumption.")

Plaintiff does not assert direct evidence of discrimination. (Doc. 43 at 3). As such, the Court must apply the *McDonnell Douglas* burden shifting framework to determine whether intentional discrimination can be inferred from circumstantial evidence. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under the *McDonnell Douglas* approach, a plaintiff has the initial burden of establishing a prima-facie case of unlawful discrimination by a preponderance of the evidence. *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824. A prima-facie case requires "evidence adequate to create an inference that an employment decision was based on a[n] [illegal] discriminatory criterion." *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 358, 97 S.Ct. 1843, 1866, 52 L.Ed.2d 396 (1977). A plaintiff's prima-facie case raises a presumption of illegal

7

discrimination. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981).

If the plaintiff establishes a prima-facie case, the burden then shifts to the defendant to rebut the presumption by articulating a legitimate, non-discriminatory reason for its employment action. *Holifield v. Reno*, 115 F.3d 1555, 1564 (11th Cir.1997). "This intermediate burden is exceedingly light." *Id*. (internal quotations and citations omitted). The defendant has a burden of production, not persuasion, and does not have to persuade a court that it was actually motivated by the reason advanced. *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824; *Burdine*, 450 U.S. at 253–55, 258, 101 S.Ct. at 1093–94, 1096. Once the defendant satisfies this burden of production, "the presumption of discrimination is eliminated and 'the plaintiff has the opportunity to come forward with evidence, including the previously produced evidence establishing the prima-facie case, sufficient to permit a reasonable fact finder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision.' " *Chapman v. AI Transp.*, 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc) (citations omitted).

At step one, Plaintiff must establish that (1) she was a member of a protected class; (2) she applied and was qualified for a position for which the employer was accepting applications; (3) despite her qualifications, she was not hired; and (4) the position remained open or was filled by another person outside of her protected class. *EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1273 (11th Cir. 2002).[2]

---

[2] The Board additionally argues that "the Court should also consider the very similar elements of a prima facie case of a failure to promote case which are: (1) that the plaintiff belongs to a protected

Defendant concedes that "Nelson has provided that she is a member of a protected class (race), she has proven that she was qualified to meet the minimum requirements to apply for the position, she was not hired for the position, and the position was filled by a person outside of her class who was promoted by the Board." (Doc. 37 at 11). Therefore, the burden shifts to Defendant "to articulate a legitimate, non-discriminatory reason for its actions." *McDonnell Douglas,* 411 U.S. at 804. Defendant has asserted two allegedly legitimate non-discriminatory reasons for hiring Brackin (1) that the two-person interview committee both individually did not pick Plaintiff for the position and, in fact, unanimously selected Brackin for the position, and (2) Brackin was more qualified based on job experience. (Doc. 37 at 11). In support of these two non-discriminatory reasons, Defendant has provided the Court with an affidavit of Savage, which states that (1) there was a two person committee used to score the applicants who both selected Brackin as the top scorer, (2) he considered both Brackin's and Plaintiff's previous education and experience, and (3) he determined Brackin had more administrative experience than Plaintiff, whose primary experience was within a classroom. (Doc. 38-1 at 56-60). Plaintiff does not appear to contest that Defendant has adequately articulated legitimate non-discriminatory reasons for hiring Brackin. Instead, in her response, Plaintiff simply states "[h]ere, the Defendant states the following as it legitimate, non discriminatory reasons for Ms. Nelson's rejection: the Defendant

---

class; (2) that she applied for and was qualified for a promotion; (3) that she was rejected despite her qualifications; and (4) that other equally or less qualified employees outside her class were promoted. *Brown v. Ala.Dept. of Transportation*, 597 F.3d 1160, 1174 (11th Cir. 2010). Either way, Plaintiff has established a prima facie case.

9

alleges that Ms. Brackin was better qualified then [sic] Ms. Nelson."[3] (Doc. 43 at 5). Plaintiff then recognizes that to avoid summary judgment, Plaintiff must show that the proffered reasons are pretextual. (*Id*). Even if Plaintiff's response is not meant to concede that Defendant has met its burden, the undersigned finds that Defendant's burden has been met. *See Bryant v. Dougherty Co. School System*, 382 Fed. App. 914, 918 (11th Cir. 2010) (finding legitimate and non-discriminatory reasons for the employment decision where Plaintiff was not recommended by the interview committee and was not as qualified as a another candidate.) Thus, under the framework, the burden shifts back to Plaintiff to show that the Board's reasons were pretextual.

**2. Pretext**

"In order to avoid summary judgment, a plaintiff must produce sufficient evidence for a reasonable fact finder to conclude that each of the employer's proffered nondiscriminatory reasons is pretextual." *Chapman*, 229 F.3d at 1037. Plaintiff may show pretext by revealing the following:

> [S]uch weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in [the Board's] proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence." *Cooper v.*

---

[3] Plaintiff's Response fails to address the other articulated legitimate, non-discriminatory reason proffered by the Board, i.e., that Brackin was unanimously selected by the two-person committee. As such, Plaintiff filed a Motion for Leave to file a Sur-reply (Doc. 46) to clarify her position and this Court granted the same. Therein, Plaintiff indicates that Defendant's Reply (Doc. 44) asserted that Plaintiff did not address the second proffered reason provided by Defendant, that Brackin was more qualified based on job experience. (Doc. 46-1). To that end, Plaintiff has clarified that "Plaintiff does not see a difference here in an assessment of the candidates' relative qualifications as being separate and apart from a review of every aspect of their professional careers." (Doc. 46-1 at 1). Plaintiff additionally argues the neither of the two people who made up the two person committee provided adequate notes as to why Plaintiff was scored lower than Brackin and that Brackin's prior experience was not "critical or essential to the successful performance of the contested position." (Doc. 46-1 at 2).

10

*Southern Co.*, 390 F.3d 695, 725 (11th Cir. 2004), *cert. denied*, 546 U.S. 960, 126 S.Ct. 478, 163 L.Ed.2d 363 (2005) (*quoting Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997)). However, a reason is not pretext for discrimination "unless it is shown both that the reason was false, and that discrimination was the real reason." *Brooks v. County Comm'n of Jefferson County*, 446 F.3d 1160, 1163 (11th Cir. 2006) (*quoting St. Mary's Honor Ctr.*, 509 U.S. at 515, 113 S.Ct. 2742). In the context of a promotion, "a plaintiff cannot prove pretext by simply arguing or even by showing that he was better qualified than the [person] who received the position he coveted. A plaintiff must show not merely that the defendant's employment decisions were mistaken but that they were in fact motivated by race." *Id.* (*citing Alexander v. Fulton County*, 207 F.3d 1303, 1339 (11th Cir. 2000)). Furthermore, a plaintiff must show that the disparities between the successful applicant's and his own qualifications were "of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff." *Cooper*, 390 F.3d at 732 (citation omitted); *see also Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 126 S.Ct. 1195, 1197, 163 L.Ed.2d 1053 (2006) (approving of this language from Cooper).

*Springer v. Convergys Customer Management Group Inc.*, 509 F.3d 1344, 1348-49 (11th Cir. 2007). "If the proffered reason is one that might motivate a reasonable employer, a plaintiff cannot recast the reason but must meet it head on and rebut it.... Quarreling with that reason is not sufficient." *Wilson v. B/E Aerospace Inc.*, 376 F.3d 1079, 1088 (11th Cir. 2004); *see also Rioux v. City of Atlanta, Ga.*, 520 F.3d 1269, 1278 (11th Cir. 2008) ("It is the plaintiff's burden not merely to raise a suspicion regarding an improper motive, but rather to demonstrate there is a genuine issue of material fact that the employer's proffered reason ... was pretextual."). "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Springer*, 509 F.3d at 1347. "If the plaintiff does not proffer sufficient evidence to create a genuine issue of material fact regarding whether each

of the defendant employer's articulated reasons is pretextual, the employer is entitled to summary judgment." *Chapman v. AI Transport*, 229 F.3d 1012, 1024–25 (11th Cir. 2000) (en banc ).

In support of pretext, Plaintiff relies on the following facts: (1) Plaintiff acquired the appropriate leadership certification nine years before applying for the vacancy, while Brackin had "just" received her certification; (2) the Coordinator position was vacant for almost a full 12 months before the position was announced and filled, which Plaintiff asserts was to allow Brackin the opportunity to acquire the necessary certification to qualify for the position; (3) the interview questions were slanted in favor of Brackin; (4) Brackin was improperly allowed to use an "alternate certificate" in order to serve as assistant principal in order to gain the necessary experience required for the Coordinator position; and (5) Plaintiff was a more qualified candidate. (Doc. 43 at 6-8).

In support of the alleged pretextual circumstances, Plaintiff cites to the deposition of Savage on three occasions.[4] Namely, the testimony, (1) that four applicants were disqualified for not having the proper certification, (2) that Savage had no explanation for the vacancy not listing prior to when it did, and (3) that Plaintiff was allowed to use a temporary certificate in the year before the vacancy for Coordinator was announced. (Doc. 43 at 6; Doc. 42-1 at 16-25). Plaintiff additionally relies on her educational background and certifications to show that

---

[4] Plaintiff did not file any exhibits with her second corrected Response (Doc. 47). Nevertheless, this Court has reviewed and considered the exhibits filed with Plaintiff's first Response and Plaintiff's Surrebuttal (Docs. 42, 46).

12

she was more qualified than Brackin. The undersigned will address each of the allegedly pretextual circumstances raised by Plaintiff.

With respect to the leadership certification, Plaintiff does not contest that Brackin's certification met the requirement for the Coordinator position. (Doc. 38-2, Nelson Deposition at 53, 77). Thus, Plaintiff's assertion that she possessed her certificate *longer* does not call into question the veracity of the Board's two proffered reasons for not hiring Plaintiff, such that the length of time that Plaintiff held her certificate is evidence of pretext. The same holds true for Plaintiff's second assertion in support of pretext, i.e., the fact that the Coordinator position went unannounced for almost a year. Plaintiff offers no facts to show that the position went unannounced to allow Brackin to get the necessary certification for the position. Further, even giving credence to the conclusory presumption that the Board left the vacancy unfilled so that Brackin could get certification, Plaintiff has not provided any evidence that such an act contradicts or shows weakness in the Board's proffered legitimate reasons for hiring Brackin, i.e., that she had more experience and was unanimously selected for the position. Plaintiff's assertion that the interview questions were slanted in favor of Brackin is equally unsupported and fails to show pretext. Plaintiff failed to cite to the record or offer any facts to support such a claim and fails to identify which questions were allegedly slanted, why they were allegedly slanted, how the allegedly slanted questions were beneficial to Brackin, or why the allegedly slanted questions were not pertinent to the position such that a person could reasonably infer that the allegedly tailored

questions were pretextual. Rather, Plaintiff testified that the interview process was "questionable". (Doc. 38-2 at 74). Such an opinion, even if true, fails to negate the Board's proffered legitimate reasons for hiring Brackin.

The fourth circumstance on which Plaintiff relies to show that the Board's proffered reasons for hiring Brackin were pretextual is that Brackin was given an advantage. Specifically, that Brackin was allowed to use an alternate certificate to serve as assistant principal, a position that was considered as past experience when Brackin applied for the Coordinator position. Plaintiff points to no authority that would suggest this allowance was not permitted. To the contrary, Plaintiff acknowledged that people within the school system used alternative certificates, and testified that "a lot of people do a lot of things for which they are not certified, but those aren't allowed to be credentials on their resumes or applications." (Doc. 38-2 at 73). Plaintiff offers no factual support for her belief that the non-certified experience should not be considered on a resume. Moreover, the record reflects that an alternative certificate is issued by the State of Alabama and was acceptable for the assistant principal position. (Doc. 38-3 at 3; Doc. 42-1 at 7). As a result, there is no evidence that Brackin was given an unfair advantage as Plaintiff asserts or, more notably, that the allegedly unfair advantage is substantive evidence of pretext.

The final assertion Plaintiff makes to show pretext is that she was clearly more qualified than Brackin; so much so, that a reasonable person would not select Brackin over her. Plaintiff cannot prove pretext by merely asserting that she was

14

better qualified than the person who received the position at issue. *Alexander v. Fulton County*, 207 F.3d 1303, 1339 (11th Cir. 2000)(*overruled on other grounds*). Instead, Plaintiff must present evidence that the disparity in qualifications was "so apparent as virtually to jump off the page and slap you in the face." *Cofield v. Goldkist, Inc.*, 267 F.3d 1264, 1268 (11th Cir. 2001) (*citing Denney v. City of Albany,* 247 F.3d 1172, 1187 (11th Cir. 2001) (*quoting Lee v. GTE Fla., Inc.*, 226 F.3d 1249, 1253 (11th Cir. 2000); *accord Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1340 (11th. Cir.2000) (*all quoting Deines v. Texas Dep't of Protective & Reg. Servs.*, 164 F.3d 277, 280 (5th Cir. 1999)). For the discrepancies to "jump off the page and slap you in the face," they must be of such weight and significance that no reasonable person could have chosen Brackin over Plaintiff. *Lee*, 226 F.3d at 1254.

In support of her position that she was more qualified, Plaintiff points to her significant educational background and multiple certifications. (Doc. 43 at 8-9). However, the record also reflects that Brackin had the necessary educational requirements and certifications for the position. (Doc. 38-1 at 19). Additionally, Brackin had significant administrative experience including, but not limited to, being in charge of the Continuance Improvement Plan, the Migrant Plan, the Rule of Schools Plan, Title VI Needs Assessment, and Curriculum Building and Monitoring while at Leroy High School 2013-2015, and being the Federal Programs liaison at Leroy High School, and the Assistant Technology Coordinator for the Washington County School System. (Doc. 38-1 at 19, 29; Doc. 44 at 7). Brackin also had experience with the Electronic Grant Application program and managed

multiple projects. (Doc. 38-1 at 19-21). In contrast, Savage determined that while Plaintiff had impressive education and certification, she did not have a significant amount of administrative experience and that most of her experience had been in classroom teaching. (*Id.*) Plaintiff does not rebut the assertion that she has mostly classroom experience and testified that she was unaware of several of Brackin's qualifications. (Doc. 38-2 at 10, 17-20). Plaintiff, however, argues that the experience Brackin had was not essential to the successful performance of the Coordinator position and, therefore, she remained far more qualified. (Doc. 46-1). While Plaintiff may disagree that Brackin's experience was necessary, quarreling with the proffered reason is not sufficient. See *Wilson,* 376 F.3d at 1088. Based on the respective qualifications of both Plaintiff and Brackin, it is not apparent that Plaintiff's qualifications were so superior to Brackin's that no reasonable person could have selected Brackin over Plaintiff.

Even assuming that each of the circumstances pointed out by Plaintiff were true and that, either separately or as a whole, these circumstances show that the Board was biased toward Brackin, Plaintiff still fails to establish, as she must, that the circumstances were a mask for *racial* discrimination. In fact, beyond Plaintiff's naked belief, Plaintiff has not provided any evidence that any of the Board's actions were related to, much less dependent upon her race. *See Brooks*, 446 F.3d at 1160 ("a reason is not pretext for discrimination 'unless it is shown both that the reason was false, and that discrimination was the real reason.) (*quoting St. Mary's Honor Ctr.*, 509 U.S. at 515, 113 S.Ct. 2742); *see also Denney,* 247 F.3d at 1185 ("Absent

evidence that subjective hiring criteria were used as a mask for discrimination, the fact that an employer based a hiring or promotion decision on purely subjective criteria will rarely, if ever, prove pretext ....").

In the last analysis, Plaintiff has not presented any facts showing that the hiring process was racially motivated, or that the Board's proffered legitimate, non-discriminatory reasons for hiring Brackin were pretext for race discrimination. Instead, Plaintiff has only suggested, without factual support from the record or case law that "a reasonable person could very easily question the motives of Defendant and the fairness of the process." (Doc. 43 at 9). Speculation and conjecture as to Defendant's motives is not substantial or probative evidence of pretextual conduct. *See Rioux*, 520 F.3d at 1278. As such, for the reasons set forth above, the circumstances set forth by Plaintiff to show pretext do not establish, as they must, a question of material fact as to whether the Board's proffered legitimate reasons were false or insufficient. *See Chapman*, 229 F.3d at 1024-25. Moreover, even if Plaintiff properly showed that the Board's proffered reasons were false or insufficient, which she has not, she has still failed to present any probative evidence that the *true* reason that Plaintiff was not selected as Coordinator was based on race, so as to overcome summary judgment. Accordingly, the Board's Motion for Summary Judgment as to Plaintiff's racial discrimination claim is granted.

## B. Retaliation

To properly state a prima facie case for a Title VII or § 1981 retaliation claim, Plaintiff must show that: (1) she engaged in a statutorily protected activity; (2) she

suffered an adverse employment action; and (3) she established a causal link between the protected activity and the adverse action. *Bryant v. Jones*, 575 F.3d 1281, 1307–08 (11th Cir. 2009), cert. denied, 559 U.S. 940, 130 S.Ct. 1536, 176 L.Ed.2d 115 (2010).

Defendant asserts that Plaintiff's retaliation claim[5] is subject to dismissal because Plaintiff cannot show an adverse employment action or causal link between the protected activity and the adverse action. (Doc. 37 at 16). In support of dismissal, Defendant has submitted an affidavit of Savage which states both that Plaintiff did not apply for the subject principal position and that Defendant had no knowledge of the EEOC racial discrimination charge at the time the principal position was filled. (Doc. 38-3 at 2-3). In response, Plaintiff states "[t]he Defendant has filed a motion for summary judgment contending that it is entitled to judgment as a matter of law because the Plaintiff, Ms. Hunter [sic], cannot meet her burden of proof with regards to her claims of discrimination and retaliation. Plaintiff concedes that Defendant may not have been aware of her EEO [sic] activity at the time of the second job rejection." (Doc. 43 at 1). Nowhere else in Plaintiff's response does she mention a retaliation claim or attempt to argue that it should not be dismissed. (See Doc. 43, generally). The undersigned interprets Plaintiff's above referenced

---

[5] Defendant initially points out that Plaintiff has failed to properly plead a retaliation claim in this action, as evidenced by Plaintiff's Response to Defendant's Motion for More Definite Statement wherein Plaintiff stated "[t]here is a Title VII retaliation claim pending at the EEOC […] which Plaintiff expects to add by amendment once a Notice of Rights is received on that Charge […] at this point, there is no Title VII retaliation claim mentioned in the Complaint in this case, and there is no obligation on Plaintiff's part to submit a Notice of Rights for a claim that is not in her Complaint." (Doc. 15 at 2). The record reflects that to-date, Plaintiff has not again amended her Complaint or submitted a Notice of Rights to Sue with regard to the retaliation claim. Nevertheless, because the current Complaint (Doc. 18) indicates that Plaintiff was retaliated against in Count III, Defendant's Motion encompasses Plaintiff's retaliation claim regardless of whether it has been properly pled.

18

statement and lack of argument to the contrary, to concede that summary judgment is due to be granted. Regardless, it is clear that Plaintiff has wholly failed to establish, or even attempt to establish a question of material fact as to the second and third elements of a retaliation claim, an adverse action or causal connection between an adverse action and a protected activity. Accordingly, summary judgment as to Plaintiff's retaliation claim is due to be granted.

## CONCLUSION

For the reasons set forth herein above, Defendant's Motion for Summary Judgment is granted and this action is dismissed pursuant to Rule 56(c) as there are no genuine issues of material fact for a jury to consider.

**DONE** and **ORDERED** this the 14th day of April, 2017.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**